J-S15041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ROBERTS | : | |
| | : | |
| Appellant | : | No. 1347 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 22, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004840-2018

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: AUGUST 15, 2023**

Christopher Roberts ("Roberts") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Roberts's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant Counsel's petition to withdraw and affirm.

The relevant factual and procedural history of this case is as follows. Following allegations that, in August 2018, Roberts took his boyfriend's dog and then cut and stabbed it to death, the Commonwealth charged Roberts with burglary, theft by unlawful taking, and aggravated cruelty to animals.[1] **See** Criminal Complaint, 9/10/18; **see also** Information, 11/26/18. In December 2018, Roberts pleaded guilty to all three offenses. **See** Guilty Plea,

---

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), and 5534(a)(1).

12/4/18. The trial court sentenced Roberts to, *inter alia*, eleven-and-a-half to twenty-three months of incarceration for the burglary, and five years of consecutive probation for the aggravated cruelty to animals conviction. **See** Disposition Sheet, 1/9/19.[2] Roberts's sentence also included, among other things, the following conditions: he was prohibited from residing "in any home that has [an] animal"; and he was required to continue with mental health treatment and medication. **See id**.

Following sentencing, Roberts violated the conditions of his parole by, *inter alia*, drinking alcohol while under the age of twenty-one and being convicted of a new criminal offense, *i.e.*, accidents involving damage, stemming from a car accident, the scene of which Roberts left without providing the requisite information to the other person involved in the accident. **See** N.T., 7/21/20, at 3, 5. The violation-of-probation ("VOP") court subsequently revoked Roberts's parole on July 21, 2020 and, *inter alia*, ordered him to serve the balance of his sentence. **See** Disposition Sheet, 7/21/20. The VOP court also reiterated, at that time, the conditions that were part of Roberts's sentence, including, among other things, a prohibition on residing with animals, and a requirement that Roberts continue with his mental health treatment. **See id**.

---

[2] The theft by unlawful taking conviction merged for sentencing purposes with the burglary conviction. **See** Disposition Sheet, 1/9/19.

There was a second VOP brought against Roberts as a result of a home visit on July 12, 2022. The probation officer testified that at the visit he heard a dog from outside Roberts's home, entered, and inquired about the dog. Though Roberts initially denied there was a dog present, he ultimately admitted there was a dog in the apartment, and that it had been there for "a couple of weeks." *See* N.T., 8/22/22, at 4-5. The probation officer then discovered that Roberts had attempted to hide the dog in his locked bedroom closet behind a dresser. *See id*. at 4. Roberts explained at the time that the dog belonged to another male who was staying at the residence. *See id*. at 5. On August 22, 2022, at the conclusion of the hearing for the VOP, the court revoked Roberts's probation and sentenced him to two-and-a-half to seven years of imprisonment. *See* Sentencing Order, 8/23/22. Roberts timely appealed. *See* Notice of Appeal, 9/21/22. The VOP court ordered Roberts to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Order, 9/28/22. Counsel filed a statement pursuant to Rule 1925(c)(4) indicating his intent to file a brief pursuant to ***Anders***/***Santiago***.[3]

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super.

_____

[3] Given Counsel's indication of his intent to file an ***Anders***/***Santiago*** brief, the trial court declined to author an opinion pursuant to Rule 1925(a). *See* Memorandum Statement in Lieu of Opinion, 11/10/22, unnumbered at *1-*2.

2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Santiago**, our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Edwards**, 906 A.2d at 1228 (internal citation omitted).

- 4 -

Here, Counsel avers in his petition to withdraw that he has reviewed the record and determined that no non-frivolous issues exist. **See** Motion to Withdraw, 1/12/23, at ¶ 3. Counsel has further averred that he mailed Roberts a copy of his petition to withdraw along with his **Anders** brief and a letter explaining Roberts's right to retain new counsel, file a *pro se* brief or response in this Court, or to raise any additional matters before this Court himself. **See id**. at ¶ 5; **see also Anders** Brief at Ex. C.[4] Counsel's brief includes a summary of the factual and procedural history of the case, identifies the issues that could arguably support Roberts's appeal, and explains his reasons for concluding the appeal is frivolous, with analysis of the pertinent facts and applicable law. **See Anders** Brief at 2-19. As Counsel is in technical compliance with **Anders** and **Santiago**, we proceed to conduct an independent review to determine whether this appeal is wholly frivolous.

Counsel identifies the following issues for our review: (1) Whether the probation revocation was legal; and (2) whether the trial court abused its discretion in sentencing Roberts to two-and-a-half to seven years of incarceration? **See Anders** Brief at 10, 16.

Our standard of review for probation revocations is as follows:

> When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings

---

[4] We note that Roberts filed a *pro se* response on March 20, 2023 to Counsel's **Anders** brief, which this Court addressed in its March 23, 2023 order directing that this appeal shall proceed. **See** Order, 3/23/23.

and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa. Super. 2021) (internal citation omitted).

The first issue Counsel identifies is whether the VOP court erred in revoking Roberts's probation based on its finding that Roberts violated a condition of his probation. Initially, we note that a trial court may impose reasonable conditions of probation. *See*, *e.g.*, *Commonwealth v. Starr*, 234 A.3d 755, 761 (Pa. Super. 2020). If a condition of probation is not followed, section 9771(b) of the Sentencing Code "grants the court the authority to revoke an order of probation upon proof of the violation of specified conditions of the probation." *See id*. (citing 42 Pa.C.S.A. § 9771(b)). Our Supreme Court has provided that "the VOP court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." *Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019).

We discern no error in the VOP court's probation revocation. Here, as noted above, a condition of Roberts's probation was that he abstain from residing with any animals. *See* Disposition Sheet, 1/9/19; *see also* Disposition Sheet, 7/21/20. The VOP court heard evidence from Roberts's

- 6 -

probation officer that, during a home visit on July 12, 2022, Roberts was living with a dog in his apartment, in violation of his condition of supervision, and attempted to conceal this fact from his probation officer. *See* N.T., 8/22/22, at 4-5. Accordingly, the VOP court was authorized to revoke Roberts's probation based on his violation of a specific condition of his probation. *See Foster*, 214 A.3d at 1243. As such, this issue is wholly frivolous and merits no relief.

The next issue Counsel identifies is whether the VOP court abused its discretion in sentencing Roberts to two-and-a-half to seven years of imprisonment. Regarding a challenge to the discretionary aspects of a probation-revocation sentence, we have stated:

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Starr*, 234 A.3d at 759 (internal citation and quotations omitted). As noted above, Roberts timely appealed. While Counsel omitted a Rule 2119(f) statement, this does not preclude our review of this issue in an *Anders* context. *See Commonwealth. v. Zeigler*, 112 A.3d 656, 661 (Pa. Super.

2015). Further, this Court has noted that "the imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process," and thus presents a substantial question. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010). As Roberts's issue presents a substantial question, we next determine whether he has preserved his challenge to the discretionary aspects of his sentence.

Counsel notes that Roberts waived any discretionary sentencing challenge because he failed to object to his sentence at the revocation hearing and, additionally, filed no post-sentence motions challenging the discretionary aspects of his sentence. ***See Anders*** Brief at 17.[5] Our review of the record confirms that Roberts has failed to preserve his challenge to the discretionary aspects of sentencing. Accordingly, he cannot invoke this Court's jurisdiction over this issue. ***See Starr***, 234 A.3d at 759.

However, even if properly preserved, Roberts's discretionary sentencing issue would merit no relief. Our standard of review is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

---

[5] The record shows that after the September 21, 2022 filing of his notice of appeal, Roberts filed an untimely *pro se* post-sentence motion, which the VOP court forwarded to his attorney. ***See*** Motion, 10/3/22.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).  Upon

revocation, the sentencing alternatives available to the VOP court shall be the

same as were available at the time of initial sentencing, although the court's

ability to order total confinement following a violation of probation is

statutorily circumscribed by subsection 9771(c).  *See Starr*, 234 A.3d at 761.

Further, "[u]nder 42 Pa.C.S.[A.] § 9771(c), a court may sentence a defendant

to total confinement subsequent to revocation of probation if[, *inter* alia,] . . .

such a sentence is essential to vindicate the authority of th[e] court."  *Crump*,

995 A.2d at 1282–83.  Additionally,

> in all cases where the court resentences an offender following
> revocation of probation . . . the court shall make as a part of the
> record, and disclose in open court at the time of sentencing, a
> statement of the reason or reasons for the sentence imposed and
> failure to comply with these provisions shall be grounds for
> vacating the sentence or resentence and resentencing the
> defendant.  A trial court need not undertake a lengthy discourse
> for its reasons for imposing a sentence or specifically reference
> the statute in question, but the record as a whole must reflect the
> sentencing court's consideration of the facts of the crime and
> character of the offender.

*Colon*, 102 A.3d at 1044 (internal citations, quotations, and brackets

omitted).  Total confinement may be necessary to vindicate the authority of

the court where a defendant demonstrates a "lack of willingness to comply

with . . . multiple court orders entered in [his] case."  *Commonwealth v.*

*McAfee*, 849 A.2d 270, 277 (Pa. Super. 2004).

In this case, we note that, while on parole following his original

sentence, Roberts violated the conditions of his supervision by, *inter alia*,

drinking while under the age of twenty-one and being convicted of a new criminal offense, *i.e.*, accidents involving damage. **See** N.T., 7/21/20, at 3, 5. Following his parole revocation, Roberts later committed the probation violation *sub judice*, namely, residing with a dog, which he attempted to conceal from his probation officer. This condition of supervision stemmed directly from the nature of Roberts's underlying convictions, *e.g.*, cruelty to animals. As the VOP court explained:

> . . . [W]ith the underlying background in this case, I'm sure the primary condition . . . was dealing with possession of any dogs going forward[,] and [the court] reiterated that at the [first] revocation [hearing]. [The court] made clear what the consequences would be for a violation of that[,] . . . [and] here we are with a dog in [Roberts's] residence . . ..
>
> * * * *
>
> So, you know, based on the original sentence, what was reiterated at the revocation . . ., [Roberts's] probation is revoked. He's resentenced to a term of incarceration, the minimum of which shall be two and a half, the maximum of which shall be seven years . . ..

N.T., 8/22/22, at 16-17. Based on our review of the foregoing, we conclude that even if Roberts's challenge to the discretionary aspects of his sentence were preserved, the trial court did not abuse its discretion in finding that Roberts required a sentence of total confinement in order to vindicate the authority of the court. **See McAfee**, 849 A.2d at 277.[6] Thus, we conclude

_____

[6] We also note that a defendant may also challenge the legality of the sentence imposed following revocation. **See Commonwealth v. Shires**, 240 A.3d

*(Footnote Continued Next Page)*

- 10 -

the issues identified in this appeal are frivolous, and our independent review of the record reveals no additional issues of arguable merit. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023

---

974, 977 (Pa. Super. 2020). It is beyond cavil that Roberts's cruelty to animals conviction was a third-degree felony, and, therefore, punishable by up to seven years of imprisonment. **See** 18 Pa.C.S.A. §§ 5534(a)(1), (b); 1103(3). A challenge to the legality of Roberts's sentence would likewise be wholly frivolous.